IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-CR-00052-RJC-SCR

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CORDERO LAMONT MCCOY | ) | |
| | ) | |

**THIS MATTER** comes before the Court on the pro se motion of Tony Huffman (Petitioner), seeking the return of a firearm seized by law enforcement, pursuant to Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n). (Doc. No. 22). The government does not oppose the claim, (Doc. No. 23),

A person asserting a legal interest in property forfeited to the United States in a criminal case may petition a court for a hearing to determine the validity of the alleged interest within thirty days of receiving notice of forfeiture. 21 U.S.C. § 853(n)(2). Here, the Court entered a Consent Order and Judgment of Forfeiture, including a Glock, Model 27, .40 caliber pistol, serial number RUA542 found in the defendant's possession. (Doc. No. 17). The government provided notice regarding forfeiture of the pistol, (Doc. Nos. 20, 24), and the petitioner filed the only claim for it, (Doc. No. 22). The government investigated his assertion that the gun was stolen from him and determined that he is not barred from owning a firearm. Accordingly, the Court finds the claim should be granted.

**IT IS, THEREFORE, ORDERED** that the petitioner's claim, (Doc. No. 22), is **GRANTED** and the Consent Order and Judgment of Forfeiture, (Doc. No. 17), is

amended to dismiss the property described in this Final Forfeiture Order. The government shall promptly return the property to the petitioner when it is no longer needed as evidence.

Signed: October 30, 2023

Robert J. Conrad, Jr.
United States District Judge